UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW FACEY
A35 958 670
11201 Old York Road
Mitchellville, MD 20721

        Plaintiff ,              NO.

    V.

Michael Chertoff, Secretary,
Department of Homeland Security
425 I Street, NW
Washington, D.C.  20536;

Emilio T. Gonzalez,
Director, United States Citizenship and Immigration Services
425 I Street, NW
Washington, D.c.  20536; and

 Richard Caterisano, District Director,
U.S. Citizenship and Immigration Services,
31 Hopkins Plaza
Baltimore, MD 21201

        Defendants

**COMPLAINT**
**FOR JUDICIAL REVIEW OF ADMINISTRATIVE ORDER**

**JURISDICTION AND VENUE**

1. This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 *et seq.*

2. Venue lies in the United States District Court for the District of Columbia, the judicial district in which Secretary of the Department of Homeland Security, governing agency of defendant Director, U.S. Citizenship and Immigration Services and District Director, U.S. Citizenship and Immigration Services, Baltimore Office  resides. 28 U.S.C. §1391(e).

**STATEMENT OF FACTS**

Plaintiff, Andrew W. Facey, petitions this court for a review of the adverse decision of defendant, U.S. Citizenship and Immigration Services on plaintiff's application for naturalization, as provided in Title 8 Code of Federal Regulations section 336.9.  Plaintiff  has exhausted those administrative

remedies available to the applicant under 8 United States Code section 1447 and alleges as follows:

  3. On January 24, 2004, the Plaintiff filed an application for naturalization with the defendant Citizenship and Immigration Services, which was denied on October 20, 2004. The defendant, U.S. Citizenship and Immigration Services determined that the Plaintiff lacked good moral character as he failed to disclose an arrest and conviction for violating UCMJ Articles 121 and 123 for Larceny and Forgery. The defendant further determined that such failure to disclose constituted false testimony with the intent to obtain an immigration benefit. The Plaintiff timely filed a Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act (N-336 hearing). Plaintiff was interviewed by an Immigration Officer on March 21, 2005. At the hearing, the Plaintiff argued that he was never arrested or convicted for violating UCMJ Articles 121 and 123, but that on January 14, 1991, while on active duty with the United States Navy, he was questioned along with nine other members of his military unit concerning two missing checks. Secondly, the evidence relied upon by U.S. Citizenship and Immigration Services in no way indicates that the Plaintiff was arrested or convicted. The Plaintiff further argued that he did not understand the January 14, 1991 investigation was equivalent to an arrest and conviction and a misunderstanding is insufficient to deny citizenship for lack of good moral character and there must be a subjective intent to deceive. However, on February 22, 2006, the reviewing officer affirmed the initial denial.

  4. Relief is sought on the ground that defendant's adverse decision is inequitable, an abuse of discretion, and based on errors of law. It is well established through case law that a denial of citizenship based on false or misleading testimony under INA §§ 101(f)(6), 316(a) and 8 U.S.C. § 1101(f)(6) must be accompanied by a subjective intent to deceive for the purpose of obtaining citizenship or other benefits. In <u>Kungys v. United States</u>, 485 US 759, 99 L. Ed 839, 108 s. Ct 1537, the Supreme Court opined that a lack of good moral character appears whenever there is a subjective intent to deceive, The <u>Kungys</u> Court indicated that only falsity in an effort to lie or deceive is grounds to deny citizenship for lack of good moral character. Basically, false testimony due to a misunderstanding is insufficient to deny citizenship for lack of good moral character. There must be an intent to deceive the examination officer in order to gain citizenship.

  **WHEREFORE,** Plaintiff requests:

1.  Review and reversal of defendant's findings of fact and order denying Plaintiffs eligibility for naturalization on the grounds that he lacks good moral character and was ineligible to apply for naturalization.

2.  Such other and further relief as the court deems just and proper.

Dated: 17 May 2006

                                                                         _____
Law Office of Regina Y. Kane
D.C. Bar No.  486128
1717 K Street, N.W. Suite 600
Washington, D.C.  20001


Counsel for Plaintiff Andrew W. Facey